## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| DWAYNE Q. SHELTON, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 1:17-CV-159 NAB |
| JASON LEWIS, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Dwayne Shelton for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) The State has filed a response. (Doc. 12.) Petitioner did not file a reply and the time for doing so has passed. Both parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the petition for a writ of habeas corpus is denied.

**I.      BACKGROUND**

Petitioner is currently incarcerated at Southeast Correctional Center in Charleston, Missouri. The following evidence, in the light most favorable to the verdict, was presented at trial.[1]

Petitioner is married to Victim's grandmother. In 2007 and 2008, Victim lived with her grandmother and Petitioner in a house on Earl in St. Louis County and in houses on Palm and Genevieve in the City of St. Louis. Victim, her grandmother, and Petitioner moved from Earl to Palm in February 2008 and then to Genevieve in the fall of 2008. During the fall of 2008, when Victim was nine or ten years old, Petitioner inserted his penis in Victim's anus at the house on

---

[1] These facts are taken from the Missouri Court of Appeals' decision in Petitioner's direct appeal. (Resp't Ex. C.) A state court's determination of a factual issue shall be presumed to be correct. 28 U.S.C. § 2254(e)(1).

Genevieve. The State charged Petitioner with one count of first-degree statutory sodomy for having deviate sexual intercourse with Victim by putting his penis in her anus "on or about September 1, 2008 to December 8, 2008, in the City of St. Louis."

The trial court conducted a jury trial. The State presented the testimony of Victim, who stated Petitioner "rubbed" his penis "on [Victim's] butt" at the house on Earl. Victim testified "stuff like" the Earl incident happened in the house on Genevieve, but she did not want to talk about it.

The State admitted into evidence and played for the jury a video recording of an interview that a forensic interviewer at the Children's Advocacy Center (CAC) conducted with Victim.[2] During the CAC interview, Victim stated Petitioner touched her bottom with his private when they lived at the house on Earl. Victim said Petitioner kissed her while she lived with him on Palm. Victim also reported that as often as three times a week on Genevieve, Petitioner tried to touch her butt, and when she told Petitioner it hurt, he said he did not care.

The State introduced the testimony of Victim's aunt concerning an incident at the house on Palm. Victim's aunt stated Petitioner called Victim upstairs, and when Victim returned downstairs she was wearing different pants. Victim's aunt testified she asked why Victim was wearing different pants, and Victim replied that her pants got wet in the bathroom.

The State also presented testimony as to Victim's statements regarding occurrences at the house on Genevieve. Victim's godmother testified that Victim told her Petitioner had inserted his penis in her anus "a lot of different times," including when she lived on Genevieve. Valerie

---

[2] The parties did not deposit the recording of the CAC interview as an exhibit. Thus, the recording was not part of the record on appeal before the state court. However, the parties provided virtually identical descriptions of the CAC interview in their state court briefs. "Where facts stated in a brief of one party are conceded to be true in the adversary's brief, an appellate court may consider it as though it appears in the record." *State v. Keightley*, 147 S.W.3d 179, 183 n.3 (Mo. App. S.D. 2004).

Barclay, a social worker for Cardinal Glennon Children's Hospital, testified she conducted a "cursory interview" with Victim, in which Victim reported Petitioner "would come into the bedroom and pull her pants down and put his thing in her bottom." Ms. Barclay stated Victim told her this occurred "not every night but many, many times" at the house on Genevieve.

The trial court submitted to the jury the State's proposed verdict director. In pertinent part, the verdict director required the jury to find Petitioner guilty if it found "that on or about September 1, 2008 to December 5, 2008, in the State of Missouri, the defendant knowingly put his penis in [Victim's] anus" and "that such conduct constituted deviate sexual intercourse." Petitioner did not object to the verdict director on the ground it violated his right to jury unanimity, and he did not include such a claim in his motion for new trial.

On July 25, 2012, the jury found Petitioner guilty of first-degree statutory sodomy. On August 24, 2012, the trial court sentenced him as a persistent offender to twenty-five years' imprisonment. Petitioner filed a direct appeal, which was denied by the Missouri Court of Appeals. (Resp't Ex. C.) On July 17, 2014, the Petitioner timely filed a self-represented motion for post-conviction relief pursuant to Rule 29.15, alleging twelve grounds for relief related to ineffective assistance of counsel and trial court error. The post-conviction motion court appointed counsel, and on October 21, 2014, Petitioner's appointed counsel filed an amended motion alleging two grounds of ineffective assistance of trial counsel. On November 24, 2015, the motion court ultimately denied the post-conviction motion without an evidentiary hearing. (Resp't Ex. I at 110-119.) That denial was affirmed by the Missouri Court of Appeals. (Resp't Ex. G.)

On September 8, 2017, the instant § 2254 federal habeas Petition was filed by Petitioner. (Doc. 1.) On December 4, 2017, Respondent filed a Response to Order to Show Cause. (Doc. 12.) As to Grounds Two and Three, Respondent argues that the state courts' adjudication of these

claims was reasonable and entitled to deference. As to Grounds One and Four through Twenty-Eight, Respondent argues that these twenty-six claims are procedurally defaulted and should be denied because Petitioner failed to raise them in state court.

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995).

Federal courts may not grant habeas relief on a claim that has been decided on the merits in State court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should

4

not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). Clear and convincing evidence that state court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

### III.  DISCUSSION

#### A.  Claims Addressed on the Merits

The record shows Petitioner properly raised Grounds Two and Three in state court, and that the Missouri Court of Appeals denied relief on review of the merits. The Court turns to the merits of each claim, exercising limited and deferential review of the underlying state court decisions as required by the AEDPA.

##### 1.  Standard of Review for Ineffective Assistance of Trial Counsel

Petitioner asserts in Grounds Two and Three that he received ineffective assistance of trial counsel. Petitioner raised both claims in his Rule 29.15 postconviction motion and in the subsequent appeal. (Resp't Ex. I at 71-79, and Ex. G at 2.) Respondent counters that the state court appropriately considered Petitioner's claims and reasonably denied relief, and this Court should give deference to the state court's denial on the merits.

5

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 688 (1984). "The first prong requires a showing 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *White v. Dingle*, 757 F.3d 750, 752 (8th Cir. 2014) (quoting *Strickland*, 466 U.S. at 687). "The second prong requires a showing that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 753 (quoting *Strickland*, 466 U.S. at 694).

"[W]hen reviewing an ineffective-assistance-of-counsel claim, 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Woods v. Donald*, 575 U.S. 312, 315 (2015) (quoting *Strickland*, 466 U.S. at 689). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Id.* (internal citations omitted). It is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699.

### 2. Ground Two: Ineffective Assistance of Trial Counsel—Failure to Elicit Impeachment Evidence

In Ground Two, Petitioner claims that trial counsel was ineffective for failing to elicit impeachment evidence through cross-examination of the Victim on whether Petitioner's penis went inside the Victim's anus.

6

The Missouri Court of Appeals held that trial counsel was not ineffective on this basis, as prior inconsistent statements are only admissible for purposes of impeachment if the motion court determines the statements are 'actually inconsistent." The appellate court explained:

> The motion court denied Movant's claim without an evidentiary hearing because the evidence was "not inconsistent with the trial testimony of the victim" in that "the inconsistency was already in evidence through the victim's trial testimony, the [Children's Advocacy Center ("CAC")] recorded interview and the testimony of other witnesses." Movant argues that trial counsel should have elicited Victim's prior statements that Movant did not penetrate her anus as impeachment. However, Victim herself had already reiterated those statements in her testimony. On two separate occasions during trial, Victim noted that Movant only touched the outside of her skin. Moreover, the jury heard a recording of Victim's interview with the CAC that included Victim stating both that she didn't know if Movant penetrated her anus or if he just touched the outside of her skin. Thus, Victim's inconsistent statements were already established in evidence. The motion court correctly determined that the content of the deposition statement was already before the court and jury and Victim's deposition statements were not inconsistent with Victim's already admitted trial testimony.

(Resp't Ex. G at 7-8.) The appellate court went a step further, stating that even if the Victim's statements were inconsistent and not presented in other admitted evidence, there was no err in denying relief because Petitioner has not demonstrated he was prejudiced by any failure. The court explained:

> Here, Movant was not prejudiced by trial counsel's failure to elicit impeachment evidence from Victim because the jury already heard the evidence sought by Movant. Victim's statement during the deposition that Movant did not penetrate her anus was presented numerous times at trial by Victim. Specifically, she restated her deposition testimony during trial and testified again that Movant only rubbed her skin. A recording of Victim's interview with the CAC was also heard by the jury and admitted as evidence. Victim stated in her interview with the CAC that Movant "tried to put his private part in [her butt]" and showed the CAC interviewer that Movant had touched her butt. Victim's statements to the CAC stated both that she didn't know if Movant's penis went inside her and that Movant only touched her skin. Any contradiction Movant intended to elicit with testimony of Victim's deposition testimony would not have been prejudicial because the contradiction was already made apparent to the jury.

(Resp't Ex. G at 8-9.)

7

Petitioner is unable to show that trial counsel's performance was deficient or that he was prejudiced under *Strickland*. As the appellate court explained, the decision to impeach a witness is presumed to be trial strategy. *Tucker v. State,* 468 S.W.3d 468, 474 (Mo. App. E.D. 2015). Defense counsel's trial strategy is entitled to substantial deference. *Osborne v. Purkett*, 411 F.3d 911, 918 (8th Cir. 2005), *as amended* (June 21, 2005). After reviewing the trial transcript, the Court agrees that even if Victim's prior statements were construed as inconsistent, trial counsel's failure to impeach Victim does not constitute deficient performance. The Court finds reasonable the appellate court's determination that the jury already heard evidence of Victim's statements, including that she did not know whether Petitioner penetrated her or only touched her skin. Under these circumstances, there is no reasonable probability that had trial counsel cross-examined the Victim with an eye towards impeachment, the result of the trial would have been different. Petitioner has not met his burden of showing that, but for his counsel's failure to cross examine Petitioner regarding her prior statements, he would not have been found guilty. The Court finds nothing about the appellate decision that was contrary to clearly-established federal law or based on an unreasonable determination of the facts, *see* 28 U.S.C. § 2254(d), and will defer to the decision of the appellate court. Ground Two is denied.

### 3. Ground Three: Ineffective Assistance of Trial Counsel—Failure to Offer Victim's Medical History

In Ground Three, Petitioner claims that trial counsel was ineffective for failing to file a motion seeking to offer evidence of other specific instances of sexual activity by Victim and medical abnormalities to rebut evidence that Petitioner was the sole source of the Victim's sexual knowledge and anal injury. Petitioner further alleged trial counsel was ineffective for failing to make an offer of proof when the trial court prohibited him from introducing the proffered evidence based on the State's motion in limine.

The trial court granted the State's motion in limine to prevent Petitioner from offering evidence of Victim's past sexual activity, which included evidence of possible sexual abuse by Victim's cousin when she was four years old, and certain past medical treatment. (Resp't Ex. J at 8-9.) The trial court noted that evidence on these topics could possibly be offered if testimony during trial required reconsideration of the motion. Then, during trial, Dr. Laffey testified that anal penetration was the cause of Victim's rectal fissure.

In state court, Petitioner argued that he would have introduced medical records that were excluded at trial that showed Victim had inflamed hemorrhoids in her rectum in July 2003; was treated twice for vaginal redness in July 2000 at age one; and received surgical intervention for right labial inflammation or hematoma in July and August 2003 at age four. (Resp't Ex. I at 76-77.) Petitioner further alleged that additional medical records in trial counsel's possession stated that Victim's mother was concerned about sexual abuse in 2000 and 2003, and the mother had received reports from Victim that a 10 or 11 year old male cousin had sexual contact (i.e., vaginal contact) with her. (*Id.* at 77.)

The motion court rejected Petitioner's argument, and the appellate court affirmed. The appellate court found that the motion court correctly determined the evidence was inadmissible, as the Victim's hemorrhoids in 2003 were irrelevant to Victim's rectal fissure in December 2008 because there is no basis for believing that hemorrhoids from five years prior would provide any explanation for the 2008 fissure. (Resp't Ex. G at 4-5.) The motion court and appellate court found the prior hemorrhoids evidence was not relevant to the explanation of Victim's rectal fissure as the medical records lacked probative value and would likely confuse the jury with unrelated medical records and conditions. The appellate court similarly rejected the argument that Victim's vaginal redness in 2000 and labial hematoma in 2003 should have been introduced by trial counsel

to rebut the cause of Victim's rectal fissure because these prior medical conditions do not explain the 2008 rectal fissure.

The state courts also considered and rejected the argument that the medical records containing concern from the Victim's mother that the Victim was sexually abused in 2000 and 2003 should have been offered as rebuttal evidence regarding the source of Victim's sexual knowledge and injury. The appellate court explained that such evidence is prohibited by Missouri's rape shield statutes, and that the cases relied upon by Petitioner were distinguishable:

> Movant cites to two cases as support for the relevance of Victim's medical history: *State v. Samuels*, 88 S.W.3d 71, 82 (Mo. App. W.D. 2002), and *State v. Douglas*, 797 S.W.2d 532, 534 (Mo. App. W.D. 1990). The evidence admitted in these cases, however, is inapplicable to the evidence Movant alleges trial counsel should have offered during trial. In *Samuels*, the court admitted evidence of a victim's past rapes to demonstrate an alternative source of the victim's sexual awareness and ability to draw explicit genitalia. Here, however, there is merely evidence of concern about sexual abuse, which the trial court found to be "highly speculative." Further, Movant failed to allege facts demonstrating how speculative abuse caused by Victim's vaginal redness and labial inflammation at age one and four would have provided the sexual awareness and knowledge of anal sodomy.
> In *Douglas*, evidence of a victim's past sexual activity with her boyfriend that occurred after an alleged sexual assault was admissible because it was relevant in explaining an alternative reasoning for the absence of victim's hymenal tissue. The evidence here does not provide an explanation of Victim's rectal fissure diagnosed eight years after the first medical condition was identified. Unlike *Douglas*, the evidence of Victim's labial hematoma and hemorrhoids did not occur after the criminal activity. Instead, these conditions were identified five to eight years before Victim's physical examination that revealed a fissure in her rectum. Thus, the conditions did not provide an alternative explanation for Victim's fissure.

(Resp't Ex. G at 5-6.) The undersigned finds the appellate court's analysis to be sound. Trial counsel cannot be found to be ineffective for failing to make a futile offer of proof. Furthermore, to the extent Petitioner suggests the trial court's evidentiary ruling would have been overturned on appeal, Petitioner appears to be challenging the trial court's decision. However, because the admission or exclusion of evidence is primarily a question of state law, an evidentiary determination rarely gives rise to a federal question reviewable in a habeas petition. *Scott v. Jones*,

915 F.2d 1188, 1190-91 (8th Cir. 1990); *Johnson v. Steele*, No. 4:11CV01022 SNLJ, 2014 WL 4627174, at *7 (E.D. Mo. Sept. 12, 2014). Federal courts "may not review evidentiary rulings of state courts unless they implicate federal constitutional rights." *Evans v. Luebbers*, 371 F.3d 438, 443 (8th Cir. 2004) (citing *Estelle*, 502 U.S. at 68). In order to implicate a petitioner's constitutional due process rights, an evidentiary mistake must be "so egregious that [it] fatally infected the proceedings and rendered [Petitioner's] entire trial fundamentally unfair." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995). Upon careful consideration of the record, and in light of the post-conviction state courts' analysis of the admissibility of evidence of Victim's medical records and her mother's concerns regarding possible past sexual activity, the Court finds that the exclusion of the evidence does not implicate Petitioner's constitutional rights. Trial counsel cannot be found deficient for failure to offer inadmissible evidence. As such, trial counsel's conduct does not constitute ineffective assistance. Ground Three is denied.

### B. Procedurally Defaulted Claims

To obtain federal habeas review of a claim raised in a § 2254 petition, the petitioner must have first raised the federal constitutional dimensions of the claim in state court in accordance with state procedural rules. *Duncan v. Henry*, 513 U.S. 364 (1995) (per curiam); *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009) (quoted case omitted). To preserve issues for federal habeas review, a state prisoner must fairly present his claims to state courts during direct appeal or in post-conviction proceedings. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a claim in a post-conviction appeal is an abandonment of a claim. *Id.* at 1150 (cited case omitted). A state prisoner who "fails to follow applicable state procedural rules for raising the claims is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." *Id.* at 1151 (cleaned up) (citing *Coleman v. Thompson*, 501

U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim." *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted). "[F]airly present" means that state prisoners are "required to 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" *Id.* at 411-12. A state-law claim raised in state court that "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." *Id.* at 412.

If the petitioner failed to properly present the claim in state court, and no adequate non-futile remedy is currently available by which he may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750; *see also Martinez v. Ryan*, 566 U.S. 1, 10-11 (2012).

Here, Respondent claims that Petitioner has procedurally defaulted on Grounds One and Four through Twenty-Four. Petitioner concedes that he failed to raise Grounds Four through Fifteen on direct appeal and Grounds Sixteen through Twenty-Eight in post-conviction proceedings. (Doc. 1 at 10.) However, Petitioner alleges that he can establish cause and prejudice for his procedural default, or that failure to consider the claims will result in a fundamental miscarriage of justice. (*Id.*)

### 1. Ground One: Trial Court Error—Deficient Verdict Director

In Ground One, Petitioner alleges that the trial court violated his constitutional right to a unanimous jury verdict because the verdict director failed to require the jury to agree to a specific

12

act committed to find Petitioner guilty of a single count of statutory sodomy. Petitioner alleges he raised this claim on direct appeal, and does not concede failure to exhaust state court remedies. (Doc. 1 at 5.) Respondent argues that this claim was defaulted because Petitioner failed to preserve the issue in the trial court, and the appellate court reviewed the claim for plain error. (Doc. 12 at 3-4.) The Court agrees that Petitioner's claim is procedurally defaulted for failure to preserve it for appellate review. (Resp't Ex. C.) *See, e.g.*, *Taylor v. Griffith*, No. 4:15-CV-1300-RLW, 2018 WL 4407437, at *10 (E.D. Mo. Sept. 17, 2018) (claim based on improper prosecutor comments during *voir dire* was procedurally defaulted for purposes of federal habeas review where the Missouri Court of Appeals found the petitioner had not preserved the claim and so reviewed it only for plain error); *Giammanco v. Wallace*, No. 4:14-CV-1739-CDP, 2018 WL 3219652, at *4 (E.D. Mo. July 2, 2018) (claim that trial court erred by failing to intervene in prosecutor's improper cross-examination was procedurally defaulted for purposes of federal habeas review where the petitioner had failed to properly preserve the error for review in the state courts and the Missouri Court of Appeals reviewed the claim only for plain error). *See also Clark v. Bertsch*, 780 F.3d 873, 874 (8th Cir. 2015) ("[A] federal habeas court cannot reach an otherwise unpreserved and procedurally defaulted claim merely because a reviewing state court analyzed that claim for plain error").

As Petitioner has not presented any arguments asserting or evidence demonstrating cause or actual prejudice for his procedural default or a fundamental miscarriage of justice, this ground cannot be evaluated for federal habeas review. Ground One is denied as procedurally defaulted.

### 2. Grounds Four through Fifteen: Ineffective Assistance of Direct Appeal Counsel

Petitioner alleges his direct appeal counsel's ineffective assistance excuses his procedural default of Grounds Four through Fifteen. Petitioner explains:

13

> [T]he petitioner's appellate counsel [] failed to raise on appeal the trial court error claims and other stated claims set forth in Grounds Four thru [sic] Fifteen, which were not frivolous or weak claims amendable [sic] to being winnowed out of an otherwise strong brief. The claims in Grounds Four through Fifteen was clearly meritorious and therefore, the petitioner here, has in any event established "cause" for procedural default and he has also demonstrated actual "prejudice" as a result.

(Doc. 1 at 11.)

The ineffective assistance claims in Grounds Four through Fifteen are:

(4) Direct appeal counsel was ineffective for failing to raise that the trial court erred in failing to question all of the prospective jurors as to whether venireperson Wagner told them that Petitioner looked like someone that assaulted her and whether that information impacted their verdict;

(5) Direct appeal counsel was ineffective for failing to raise that the trial court erred by admitting Victim's videotaped interview with a CAC caseworker;

(6) Direct appeal counsel was ineffective for failing to raise that the trial court erred by failing to hold a second § 491.075 hearing;

(7) Direct appeal counsel was ineffective for failing to raise that the trial court erred in finding that Petitioner is a prior and persistent offender;

(8) Direct appeal counsel was ineffective for failing to raise that the trial court erred in failing to sua sponte declare a mistrial after the state's witness Valerie Barclay testified in open court that in her experience "children tell the truth more than adults", improperly bolstering the credibility of Victim's statements;

(9) Direct appeal counsel was ineffective for failing to raise that the trial court erred in overruling Petitioner's initial and renewed motion for judgment of acquittal;

(10) Direct appeal counsel was ineffective for failing to raise that the trial court erred by admitting videotape of Victim recounting the same incidents of sexual abuse as Victim testified to at trial;

(11) Direct appeal counsel was ineffective for failing to raise that the trial court erred and abused its discretion in denying trial counsel's request for a continuance;

(12) Direct appeal counsel was ineffective for failing to raise that the trial court erred in overruling trial counsel's request to strike venireperson Disabato from the jury;

14

(13) Direct appeal counsel was ineffective for failing to raise that the trial court erred in denying Petitioner's motion to dismiss the charge against him due to jurisdictional issues, such as the offense alleged was not committed in the City;

(14) Direct appeal counsel was ineffective for failing to raise that the state prosecutor wrongly used its peremptory strikes to remove all of almost all of the black prospective jurors from the jury panel; and

(15) Direct appeal counsel was ineffective for failing to raise that the trial court erred in failing to question the state prosecutor about each peremptory strike exercised against the black prospective jurors.

(Doc. 1 at 13-19.)

Petitioner concedes that he did not raise the underlying trial court error claims at every stage possible in state court, including his direct appeal of his conviction. Petitioner also did not raise the ineffective assistance claims in his amended Rule 29.15 motion. He makes the conclusory allegation that his direct appeal counsel's ineffective assistance of counsel is the basis for his default. Ineffective assistance of counsel can, in some instances, constitute cause for excusing a procedural default, but at the very least it must be ineffectiveness that rises to the level of a Sixth Amendment violation. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).  Here, Petitioner makes the ineffective assistance of counsel claim for failure to present the procedurally defaulted claims.

In order to determine whether a Sixth Amendment violation of the right to counsel has occurred, there must be an assessment of counsel's performance and prejudice. *See Strickland*. Because Petitioner makes only a bare statement that ineffective assistance of counsel is the cause of his procedural default, the Court cannot engage in the analysis of counsel's deficiency or any resulting prejudice in order to establish the Sixth Amendment violation that is necessary for ineffectiveness to count as cause under *Edwards v. Carpenter*. As a result, Petitioner fails to

demonstrate ineffective assistance as cause for his procedural default.[3] Because Petitioner fails to demonstrate cause, the Court need not address prejudice. *Cagle*, 474 F.3d at 1099. Nor has Petitioner shown that a fundamental miscarriage of justice would occur if the Court does not review the merits of the claims—his conclusory statement that failure to consider the claims will result in a fundamental miscarriage of justice is insufficient. Petitioner has presented no new evidence of actual innocence; nor has he shown that a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006); *Weeks v. Bowersox*, 119 F.3d 1342, 1352-53 (8th Cir. 1997).

Consequently, the claims in Grounds Four through Fifteen are procedurally barred from habeas review and will be denied.

### 3. Grounds Sixteen through Twenty-Eight: Ineffective Assistance of Post-Conviction Counsel

Petitioner concedes he did not raise Grounds Sixteen through Twenty-Eight before the state courts. He argues that post-conviction counsel failed to raise these claims in his amended Rule 29.15 post-conviction motion, which establishes cause for default under *Martinez v. Ryan,* 566 U.S. 1 (2012). Petitioner explains:

> Further in this present case and with respect to Grounds Sixteen through Twenty-Eight the petitioner's trial counsel failed to make meritorious objections and challenges as set forth in Grounds Sixteen through Twenty-Eight, and these claims were not frivolous, they were clearly meritious [sic], and therefore the petitioner

---

[3] The Court also notes that there are twelve separate claims Petitioner faults direct appeal counsel for failure to raise, half of which involve evidentiary issues ruled on by the state court. This Court will not second guess a state court's determination of an issue of state law, as "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 63 (1991); *see also Nebinger v. Ault,* 208 F.3d 695, 697 ("Rulings on the admission or exclusion of evidence in state trials rarely rise to the level of a federal constitutional violation."). Moreover, counsel enjoys a presumption of effective assistance, and the failure to raise an unwinnable issue on appeal does not constitute ineffectiveness, rather, appellate counsel's "winnowing of the issues to eliminate a sure loser is the kind of performance that courts expect from competent counsel." *Horne v. Trickey,* 895 F.2d 497, 500 (8th Cir. 1990); *see also Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) ("counsel's failure to advance a meritless argument cannot constitute ineffective assistance). Indeed, "[a] brief that raises every colorable issue runs the risk of burying good arguments...." *Jones v. Barnes,* 463 U.S. 745, 753, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983).

> here also has in any event established "Cause" for any procedural default and he has also demonstrated actual "Prejudice" as a result.

(Doc. 1 at 11.)

As discussed above, the Court cannot reach the merits of a procedurally defaulted claim unless Petitioner can demonstrate cause and prejudice for default, or that failure to consider the claims will result in a fundamental miscarriage of justice. *See supra,* Part III.B.2. The Supreme Court created a "narrow exception" and held in *Martinez v. Ryan* that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. 1, 17 (2012). In order to show cause for his procedural default under *Martinez*, Petitioner must show that his post-conviction counsel was ineffective under *Strickland* and that the underlying ineffective assistance of counsel claim is substantial.

Grounds Sixteen through Twenty-Eight assert post-conviction counsel was ineffective as follows:

> (16) post-conviction counsel was ineffective for failing to raise that trial counsel was ineffective for failure to object and request a mistrial due to the admission of the Victim's videotaped CAC interview;
>
> (17) post-conviction counsel was ineffective for failing to raise that trial counsel was ineffective for failing to request a new § 491.075 hearing;
>
> (18) post-conviction counsel was ineffective for failing to raise that trial counsel was ineffective for failing to object to sentencing Petitioner as a persistent offender;
>
> (19) post-conviction counsel was ineffective for failing to raise that trial counsel was ineffective for failing to request a mistrial after the state's witness Valerie Barclay testified that in her experience children tell the truth more than adults;
>
> (20) post-conviction counsel was ineffective for failing to raise that trial counsel was ineffective for failing to request a mistrial based on the admission of a videotape of Victim recounting the alleged sexual abuse;

17

(21) post-conviction counsel was ineffective for failing to raise that trial counsel was ineffective for failing to endorse Victim's mother as a witness;

(22) post-conviction counsel was ineffective for failing to raise that trial counsel was ineffective for failing to object to paragraph two of the State's motion in limine excluding statements or testimony opining on whether Petitioner would sexually abuse Victim;

(23) post-conviction counsel was ineffective for failing to raise that trial counsel was ineffective for failing to object to paragraph three of the State's motion in limine excluding reference to specific examples of the Victim's behavioral problems;

(24) post-conviction counsel was ineffective for failing to raise that trial counsel was ineffective for failing preserve for appellate review that trial court erred in not allowing the disclosure of Victim's hospital records;

(25) post-conviction counsel was ineffective for failing to raise that trial counsel was ineffective for failing to object to state prosecutor's definition of reasonable doubt;

(26) post-conviction counsel was ineffective for failing to raise that trial counsel was ineffective for failing to move to strike venireperson Oldani, a former police officer who believed he trained one of the witness officers;

(27) post-conviction counsel was ineffective for failing to raise that trial counsel was ineffective for failing to request the trial court question all the jurors after trial to see if juror Oldani violated the court's directive not to discuss with other jurors why Oldani spoke privately with the court regarding his knowledge of one of the witnesses; and

(28) post-conviction counsel was ineffective for failing to raise that trial counsel was ineffective for failing to impeach the state's witnesses Valerie Barclay, Megan Marietta, and Alecia Williams with Victim's prior statements.

(Doc. 1 at 19-25.)

The Court finds that *Martinez* does not allow federal habeas review of these claims. Even if the Court were to find that post-conviction counsel provided ineffective assistance, the default may be excused only if the eliminated grounds of ineffective assistance of trial counsel were "substantial," "which is to say that the prisoner must demonstrate that the claim has some merit."

*Martinez,* 566 U.S. at 14. Similar to Grounds Four through Fifteen, Petitioner's conclusory statements regarding ineffective assistance do not provide the Court with the necessary information to engage in the analysis of counsel's deficiency or any resulting prejudice.[4] Petitioner fails to allege conduct rising to the level of a Sixth Amendment violation that is necessary for ineffectiveness to constitute cause under *Edwards* and *Martinez*. Under these circumstances, Petitioner fails to demonstrate cause, and the Court need not address prejudice. *Cagle,* 474 F.3d at 1099. Nor has Petitioner presented new evidence of actual innocence or that a fundamental miscarriage of justice would occur if the Court does not review the merits of the claim. *Abdi*, 450 F.3d at 338; *Weeks*, 119 F.3d at 1352-53.

Consequently, the claims in Grounds Sixteen through Twenty-Eight are procedurally barred from habeas review and will be denied.

## IV.  Conclusion

Based on the foregoing, the Court finds that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 should be denied. The Court finds that the grounds in Petitioner Shelton's Petition for Writ of Habeas Corpus are either procedurally barred or fail on the merits and must be denied in all respects. Further, because Petitioner has made no showing of a denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

---

[4] Additionally, upon review of the record, the Court notes that Petitioner's pro se Rule 29.15 motion included several of the claims Petitioner attempts to raise here. (Resp't Ex. I at 8-17.) It appears that post-conviction counsel determined that the claims presented in the amended motion were the most meritorious and ones that could be supported. (Resp't Ex. I at 69-79.) Petitioner makes no argument about how the omission of these claims satisfies the *Strickland* standard. The presumption of effective assistance of counsel can generally only be overcome when the ignored issues are clearly stronger than those presented. *Link v. Luebbers,* 469 F.3d 1197, 1205 (8th Cir. 2006). Therefore, "applying a heavy measure of deference to counsel's judgments," post-conviction counsel's decision not to include Grounds Sixteen through Twenty-Eight in the amended motion likely "falls within the wide range of reasonable professional assistance" under *Strickland's* deferential standards. *See* 466 U.S. at 668. However, given the barebones allegations contained in the Petition, the Court will not undertake a merits review to assess the substantiality of each conclusory claim.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Dwayne Q. Shelton for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED. (**Doc. 1.**)**

**IT IS FURTHER ORDERED** that the Petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not issue a Certificate of Appealability. A separate judgment in accord with this Order is entered on this same date.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of December, 2021.